UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

GLIDEDOWAN, LLC d/b/a ALL AMERICA HOME
CARE,

                                Plaintiff,        Case # 22-CV-6540-FPG

v.                                                    DECISION & ORDER

HISCOX, INC., LLOYDS SYNDICATE 3624,
NGM INSURANCE COMPANY, AND MAIN STREET
AMERICAN GROUP,

                                Defendants.
_____

## INTRODUCTION

Plaintiff Glidedowan, LLC d/b/a/ All-American Home Care ("Plaintiff") filed this insurance declaratory judgment action against Defendants Hiscox, Inc. ("Hiscox"), Lloyds Syndicate 3624 ("Lloyds"), NGM Insurance Company ("NGM"), and Main Street America Group ("MSA") in the Supreme Court of the State of New York, Monroe County. On December 4, 2022, Defendants NGM and MSA filed a Notice of Removal in this Court, purportedly invoking this Court's jurisdiction under 28 U.S.C. § 1332. ECF No. 1 at 1. Defendants Hiscox and Lloyds consented to removal of the action. ECF No. 1 ¶ 54; ECF No. 9 at 6. Defendants NGM and MSA filed an answer on December 9, 2022. ECF No. 4.

On December 12, 2022, this Court issued an Order to Show Cause why the Court should not dismiss the case *sua sponte* for lack of subject matter jurisdiction. ECF No. 7. Defendants Hiscox and Lloyds filed a response on January 9, 2023. ECF No. 9. Defendants NGM and MSA also filed a response on January 9, 2023, as well as a second response on February 27, 2023. ECF Nos. 10, 19.

1

For the reasons that follow, the action is REMANDED to the Supreme Court of the State of New York, Monroe County.

## BACKGROUND

The following facts are from Plaintiff's Second Amended Complaint, unless otherwise noted. On March 6, 2020, Plaintiff commenced a declaratory judgment action against Defendants Hiscox, NGM, and MSA by filing a Verified Complaint for Declaratory Judgment (the "Complaint") in the Supreme Court of the State of New York, Monroe County (the "State Court Action"). ECF No. 1-2 at 15. The action arose out of a dispute regarding insurance coverage and defense of an underlying wrongful death action against Plaintiff in connection with Plaintiff's home healthcare business (the "Underlying Action"). The State Court Action involves coverage and defense under two insurance policies. The first is a professional liability insurance policy issued by Lloyds and administered by Hiscox. ECF No. 2-3 at 243-244. The second is a business automobile insurance policy underwritten by NGM and administered by MSA. *Id.* at 245. On January 28, 2020, after Plaintiff was served with a summons and complaint in the Underlying Action, it informed Defendants of the Underlying Action and retained its own counsel to begin preparing its defense. *Id.* at 246-248.

On February 26, 2020, Hiscox issued a Reservation of Rights letter regarding the Underlying Action. *Id.* at 248. The letter provided that "Hiscox will agree to provide [Plaintiff] a defense under the Policy, subject to the below reservation of rights." *Id.* at 249. Plaintiff's counsel advised Hiscox that it was rejecting the letter on various grounds, including that it had been issued too late. *Id.* Hiscox selected counsel to represent Plaintiff in the Underlying Action. Plaintiff rejected Hiscox's chosen counsel, however, and continued to retain its own counsel. *Id.*

MSA and NGM initially informed Plaintiff that it planned to defend and indemnify Plaintiff. *Id.* at 250. On March 5, 2020, however, MSA and NGM issued a letter denying indemnity coverage and offering a courtesy defense for the Underlying Action. *Id.* Eventually, NGM, MSA, Plaintiff, and Plaintiff's retained counsel entered into an agreement providing that NGM and MSA would retain Plaintiff's chosen counsel to fully defend Plaintiff in the Underlying Action at a negotiated rate. *Id.* at 251.

On July 12, 2021, Plaintiff filed an Amended Complaint (the "First Amended Complaint") in the State Court Action in which it added Lloyds as a defendant. ECF No. 2-3 at 4. On November 4, 2022, Plaintiff filed a Second Amended Complaint. *See* ECF No. 2-3 at 242-256. In the Second Amended Complaint, Plaintiff alleged five causes of action: (1) a violation of New York Insurance Law § 3420, (2) breach of contract, (3) breach of implied warranty of good faith and fair dealing, (4) estoppel, and (5) tortious interference with contract. ECF No. 2-3 at 252-255. Plaintiff served NGM with the Second Amended Complaint on November 4, 2022. ECF No. 1 at 5. While MSA denies ever being served, ECF No. 1 at 5, Plaintiff states that it served MSA on November 7, 2022, ECF No. 18-2 at 3-4.

On December 4, 2022, Defendants NGM and MSA filed a Notice of Removal purportedly invoking the Court's jurisdiction under 28 U.S.C. § 1332. ECF No. 1 at 1. This Court, unable to discern the citizenship of Plaintiff from the Notice of Removal, issued an Order to Show Cause why the case should not be remanded for lack of subject matter jurisdiction. ECF No. 7. All four defendants responded and alleged that Plaintiff is a citizen of New York. *See* ECF No. 9 at 8; 10 at 2-3. Hiscox and Lloyds also noted that the Notice of Removal misstated Hiscox's citizenship, alleging that Hiscox was a citizen of Illinois. ECF No. 9 at 6. Hiscox states instead that it is

currently a citizen of Delaware and Georgia, but that prior to 2021, it was a citizen of Delaware and New York. *Id.*

On January 11, 2023, Defendants Hiscox and Lloyds filed a Motion to Dismiss for Failure to State a Claim. ECF Nos. 14 & 15. On February 27, 2023, Plaintiff filed a notice purporting to voluntarily dismiss the action, without prejudice, as to Hiscox and Lloyds pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i). ECF No. 18. Plaintiff also stated that its two members are residents of New York and that it did not object to litigating in federal court. ECF No. 18-2 at 2.

## DISCUSSION

While all defendants agree that this Court has subject matter jurisdiction, they do so for different reasons. Defendants NGM and MSA assert that this Court has subject matter jurisdiction under 28 U.S.C. § 1332 because there existed complete diversity at the time of removal, or, alternatively, at the time Plaintiff filed its Second Amended Complaint. *See* ECF No. 19 at 3-7. NGM and MSA also assert that removal was timely pursuant to the "bad faith" exception in 28 U.S.C. 1446(c). ECF No. 1 at 5-7. Defendants Hiscox and Lloyds, on the other hand, assert that because Hiscox, the only non-diverse defendant, is not a proper party to this action, this Court may disregard Hiscox for the purpose of assessing diversity of citizenship under the doctrine of fraudulent joinder. ECF No. 9 at 6-9.

For the reasons that follow, the Court finds that, even assuming removal was timely under 28 U.S.C. § 1446(c), remand is required because there is a lack of complete diversity among the parties and an insufficient basis to conclude that Hiscox was fraudulently joined.

I. **Diversity of Citizenship**

    a. **Legal Standard**

A federal district court is "one of limited jurisdiction, whose powers are confined to statutorily and constitutionally granted authority." *Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 56 (2d Cir. 2006) (citing *Exxon Mobil Corp. v Allapattah Servs., Inc.*, 545 U.S. 546 (2005)). As relevant here, Congress has granted federal district courts original jurisdiction over cases between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). "[T]he party seeking to invoke jurisdiction under 28 U.S.C. § 1332 bears the burden of demonstrating the grounds for diversity exist and that diversity is complete." *Herrick Co., Inc. v. SCS Commc'ns, Inc.*, 251 F.3d 315, 322-23 (2d Cir. 2001) (internal quotation marks and citations omitted). Complete diversity exists where each plaintiff's citizenship is different from the citizenship of each defendant. *Hallingby v. Hallingby*, 574 F.3d 51, 56 (2d Cir. 2009).

Generally, a defendant in a pending state court action may remove that case to federal court if it presents a claim over which the federal court has original jurisdiction on the basis of either federal question jurisdiction or diversity jurisdiction. *See* 28 U.S.C. § 1441(a); *Sherman v. A.J. Pegno Constr. Corp.*, 528 F. Supp. 2d 320, 325 (S.D.N.Y. 2007). Where, as here, "jurisdiction is asserted by a defendant in a removal petition, it follows that the defendant has the burden of establishing that removal is proper." *United Food & Commercial Workers Union v. CenterMark Props. Meridien Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994). Where the sole basis for asserting removal jurisdiction is diversity of citizenship, complete diversity must have existed at the time the action was filed in state court and at the time of removal. *See United Food*, 30 F.3d at 301; *see*

*also Adrian Family Partners I, L.P. v. ExxonMobil Corp.*, 79 Fed. App'x 489, 491 (2d Cir. 2003) (summary order).

The district court may raise the question of whether the court has subject matter jurisdiction at any stage in the proceedings. *United Food*, 30 F.3d at 301. "In light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments, federal courts construe the removal statute narrowly, resolving any doubts against removability." *Lupo v Human Affairs International, Inc.*, 28 F.3d 269, 274 (2d Cir. 1994).

### b. Analysis

Here, because Plaintiff and Hiscox were both citizens of New York at the time Plaintiff commenced the action in state court, complete diversity did not exist at the outset of the State Court Action, and the case was not removable on that basis. *See United Food*, 30 F.3d at 301. Defendants NGM and MSA, assert, however, that because Plaintiff filed a Second Amended Complaint, the Court should assess diversity at the time of the Second Amended Complaint, when Hiscox was a citizen of Delaware and Georgia. ECF No. 19 at 8; *see also Chamarac Properties, Inc. v. Pike*, No. 86-CV-7919, 1990 WL 104022 at *2 (S.D.N.Y. July 18,1990). Specifically, they argue that "[j]urisdiction over all defendants must be reassessed at the time of an amendment to a pleading if that amendment (1) alters the nature of the action or (2) adds a party without whom the case cannot continue." *Chamarac Properties*, 1990 WL 104022 at *2 n.3. Accordingly, because Hiscox was a citizen of Georgia and Delaware at the time of the Second Amended Complaint, complete diversity existed, giving this Court jurisdiction.

The Court disagrees. If, after initially filing a complaint, a plaintiff "decides to later add a defendant, then diversity [jurisdiction] 'over *that* defendant must be determined as of that date and not as of the date of the filing of the original complaint.'" *Chamarac Properties*, 1990 WL 104022

at *2 (S.D.N.Y. July 18, 1990) (quoting *Louwers v Night-Ridder Newspapers, Inc.*, 570 F. Supp. 1211, 1213 (E.D. Mich. 1983) (emphasis in original)). Hiscox, however, was not added at the time of the Second Amended Complaint. Plaintiff's Complaint named three defendants: Hiscox, NGM, and MSA. ECF No. 1 at 5. Plaintiff's First Amended Complaint added defendant Lloyds. ECF No. 2-3 at 4. Plaintiff's Second Amended Complaint did not add a defendant. ECF No. 2-3 at 242. Because only Lloyds, not Hiscox, was a later-added defendant, the Court assesses diversity as to Hiscox at the time Plaintiff filed its initial Complaint. And, because Plaintiff and Hiscox were both citizens of New York at that time, complete diversity did not exist. *See United Food*, 30 F.3d at 301.

Nor does the "voluntary-involuntary" rule save jurisdiction here. Under that rule, a case that is not initially removable because of joinder of a non-diverse defendant may become removable by the plaintiff's voluntary dismissal of the non-diverse defendant. *See Caterpillar Inc. v. Lewis*, 519 U.S. 61, 619 (1996) (citing 28 U.S.C. 1446(b)(3)); *Great Northern Ry. Co. v. Alexander*, 246 U.S. 276, 281 (1918); *see also* 14C Wright & Miller, Federal Practice & Procedure § 3723 (discussing the voluntary-involuntary rule). Pursuant to a proposed settlement with Hiscox and Lloyds, Plaintiff sought to voluntarily dismiss those defendants under N.Y. C.P.L.R. § 3217(b). ECF No. 2-3 at 218-224. However, NGM and MSA objected and the state court subsequently denied Plaintiff's request. ECF No. 2-3 at 226-227; ECF No. 2-5 at 319. Hiscox therefore remained a party to the State Court Action at the time of removal.

Similarly, Plaintiff's recent attempt to voluntarily dismiss Hiscox and Lloyds pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i) does not establish jurisdiction because "the propriety of removal is to be determined by the pleadings at the time of removal." *Fed Ins. Co. v. Tyco Int'l*, 422 F. Supp. 2d. 357, 368 (S.D.N.Y. 2006). "It is not relevant in determining the propriety of removal—which

is measured as of the date of removal—that diversity was later created by dismissal of the non-diverse defendant." *Vasura v. Acands*, 84 F. Supp. 2d 531, 535 (S.D.N.Y. 2000). Because Hiscox remained party to the action at the time of removal, Plaintiff's purported voluntary dismissal of Hiscox after removal did not give this Court jurisdiction.

Complete diversity did not exist at the time the action was filed in state court. And, because Hiscox was never voluntarily dismissed from the State Court Action, the "voluntary-involuntary" rule does not apply. This Court therefore lacks subject matter jurisdiction over this action—unless, that is, Hiscox is correct that it has been fraudulently joined.

## II. Fraudulent Joinder

### a. Legal Standard

A plaintiff may not defeat a federal court's diversity jurisdiction and a defendant's right of removal by merely joining as a defendant a party with no real connection with the controversy. *Pampillonia v RJR Nabisco, Inc.*, 138 F.3d 459, 460-61 (2d Cir. 1998). Under the doctrine of fraudulent joinder, courts disregard the presence of a non-diverse defendant if, from the pleadings, there is no possibility that the claims against that defendant could be asserted in state court. *Briarpatch Ltd., L.P. v Phoenix Pictures, Inc.*, 373 F.3d 296, 302 (2d Cir. 2004) (citing *Pampillonia*, 138 F.3d at 461)).

> In order to show that naming a non-diverse defendant is a "fraudulent joinder" effected to defeat diversity, the defendant must demonstrate, by clear and convincing evidence, either that there has been outright fraud committed in the plaintiff's pleadings, or that there is no possibility, based on the pleadings, that a plaintiff can state a cause of action against the non-diverse defendant in state court.

8

*Pampillonia*, 138 F.3d at 461. This is a heavy burden. The defendant must establish fraudulent joinder by clear and convincing evidence, with all factual and legal ambiguities resolved in favor of the plaintiff. *See Briarpatch Ltd.*, 373 F.3d at 302.

In conducting this inquiry, the court "subjects the complaint to less scrutiny than on a motion to dismiss for failure to state a claim." *Ecology & Env't, Inc. v. Automated Compliance Sys., Inc.*, No. 00-CV-0887, 2001 WL 1117160 at *5 (W.D.N.Y. Sept. 4, 2001) (citing *Intershoe, Inc. v. Filanto S.P.A.*, 97 F. Supp. 2d 471, 474 (S.D.N.Y. 2000)); *see also Sherman*, 528 F. Supp. at 328-9. It is therefore insufficient to argue that the complaint fails to state a claim. *Stan Winston Creatures, Inc. v. Toys "R" Us, Inc.*, 314 F. Supp. 2d 177, 182 (S.D.N.Y. 2003). "The Court need not decide whether, as a matter of New York law, the Complaint does indeed state a claim." *Intershoe*, 97 F. Supp. 2d at 476. Instead, "[f]or the purposes of establishing the Court's lack of jurisdiction to make precisely those determinations, it suffices that the Complaint colorably asserts such a claim and that New York's liberal pleading rules leave open the possibility that the state court would deem the Complaint to state a claim." *Id.* "Any possibility, even if slim, militates against a finding of fraudulent joinder." *Nemazee v Premier, Inc.*, 232 F. Supp. 2d 172, 178 (S.D.N.Y. 2002).

### b. Analysis

Because there is no allegation of outright fraud, the issue is whether there is any possibility that Plaintiff can state a claim against Hiscox in state court. In its Second Amended Complaint Plaintiff asserts five causes of action against Hiscox. ECF No. 2-3 at 252-255. In its Response to this Court's Order to Show Cause, Hiscox asserts that it is fraudulently joined because each cause of action against it must fail under state law. ECF No. 9 at 6-9. For the reasons below, the Court, resolving all factual and legal ambiguities in favor of Plaintiff, determines that Hiscox has failed

to establish that there is no possibility that Plaintiff could assert any of its claim against Hiscox in a New York court.

The Court begins with Plaintiff's first cause of action, which alleges a violation of New York Insurance Law § 3420. ECF No. 2-3 at 252. Pursuant to New York Insurance Law § 3420(d)(2):

> If under a liability policy issued or delivered in [New York], an insurer shall disclaim liability or deny coverage for death or bodily injury arising out of a motor vehicle accident or any other type of accident occurring within [New York], it shall give written notice as soon as is reasonably possible of such disclaimer of liability or denial of coverage to the insured and the injured person or any other claimant.

Plaintiff alleges that Hiscox did not properly disclaim coverage or reserve rights within the "reasonable period of time prescribed by the statute" and, that, accordingly, Defendants, including Hiscox, are "jointly and severally liable for the attorney fees, costs, and disbursements associated with defending the underlying action, and may not disclaim indemnity coverage under the terms of their respective policies." ECF No. 2-3 at 252. Hiscox asserts that this claim "does not apply to Hiscox, because the statute regulates insurers and Hiscox did not issue the policy." ECF No. 9 at 9.

New York courts, however, have rejected the argument that Section 3420 applies only to the specific entity that issued the policy. *See, e.g.*, *B&R Consol., LLC v. Zurich Am. Ins. Co.*, 993 N.Y.S.2d 121, 123-124 (2d Dep't 2014). In *B&R Consolidated, LLC v Zurich American Ins. Co.*, the Second Department rejected the defendants' contention that "Zurich is not a proper party to this action under Insurance Law § 3420(b) because it did not issue the subject policy." *Id.* at 124. Although Section 3420(b), like Section 3420(d), refers to "an insurer," the Appellate Division held that the evidence of "Zurich's direct participation in the administration of [plaintiff's] claim is

sufficient to establish, prima facie, that an agency relationship existed between Zurich and American Guarantee such that Zurich may be held liable to [plaintiff]." *Id.* The Appellate Division noted that Zurich's logo was present on the relevant documents and that Zurich's claims counsel was assigned to handle the underlying action. *Id.*

Here, as with Zurich, Hiscox's logo was present on the policy documents and the Reservation of Rights letter, which was sent by Hiscox's claim counsel. ECF No. 2-3 at 260-288; ECF No. 2-4 at 42, 73-76. Accordingly, resolving all factual and legal ambiguities in favor of Plaintiff, Hiscox's assertion that it is not a proper party because it did not issue the policy fails to establish that there is "no possibility" that Plaintiff could assert a Section 3420 claim against Hiscox in state court. *Pampillonia*, 138 F.3d at 461; *Briarpatch Ltd.*, 373 F.3d at 302.

Although this alone is sufficient to establish the absence of fraudulent joinder, Plaintiff's fifth cause of action—which alleges tortious interference with contract—further demonstrates that Hiscox has failed to carry its burden. Hiscox asserts that Plaintiff's tortious interference claim must fail "because of a lack of privity." ECF No. 9 at 9. Under New York law, "tortious interference with contract requires [i] the existence of a valid contract between the plaintiff and a third party, [ii] defendant's knowledge of that contract, [iii] defendant's intentional procurement of the third-party's breach of the contract without justification, [iv] actual breach of the contract, and [v] damages resulting therefrom." *Lama Holding Co. v. Smith Barney Inc.*, 88 N.Y.2d 413, 424 (1996). Plaintiff's complaint alleges each element as to Hiscox, stating that there existed a valid contract between Plaintiff and Lloyds, that Hiscox was aware of the existence of the contract, that Hiscox "intentionally and without justification induced Lloyds" to breach its contract with Plaintiff, that doing so induced Lloyds to breach its contractual obligations, and that Plaintiff has suffered damages as a result of that breach. ECF No. 2-3 at 254-255.

Hiscox cites one New York appellate decision in support of its argument that Plaintiff's tortious interference claim must fail for lack of privity. ECF No. 9 at 14. The issue in that case was not, however, lack of privity but whether an agent may be liable for inducing its principal to breach a contract with another. *Automatic Findings, Inc. v Miller*, 648 N.Y.S.2d 90, 90 (1st Dep't 1996). The court found no basis to determine that the defendants, as agents of an insurance company, had intentionally induced the insurance company to breach its contract, engaged in "predatory acts, self-dealing or other tortious conduct," or acted to promote their self-interest in investigating the insurance claim. *Id.* It therefore held that summary judgment was appropriate. *Id.*

In determining whether Hiscox has been fraudulent joined, however, this Court "confronts something very different than a motion for summary judgment." *Dexter v. A C & S Inc.*, 02-CV-6522, 2003 WL 22725461, at *2 (S.D.N.Y. Nov. 18, 2003). The Court must determine not whether there are any material issues of fact in dispute, but whether Hiscox has carried its heavy burden and established that there is no possibility that Plaintiff could state a cause of action against it for tortious interference. *See Pampillonia*, 138 F.3d at 461. The strength of Plaintiff's claim is not relevant in this context, *Dexter*, 2003 WL 22725461 at * 2, and whether or not the Second Amended Complaint here adequately alleges conduct that could give rise to liability for tortious interference is "properly resolved on a motion to dismiss, not on a motion to remand." *Stan Winston Creatures*, 314 F. Supp. 2d at 182. Because Hiscox has not demonstrated that there is "no possibility" that Plaintiff could state a claim against Hiscox, as an agent of Lloyds, for tortious interference with contract, Hiscox has not carried its burden in establishing that it has been fraudulently joined.

Because this analysis is sufficient to establish that this Court lacks jurisdiction over this action, the Court declines to address the other purported defects in Plaintiff's Second Amended Complaint. *See Intershoe, Inc.*, 97 F. Supp. 2d. at 476.

## CONCLUSION

For the reasons stated herein, the action is REMANDED to the Supreme Court of the State of New York, Monroe County. The Clerk of Court is directed to close the case and send copies of (1) this Decision & Order and (2) the docket sheet to the Clerk of Court of the Supreme Court of the State of New York, Monroe County.  All other motions are dismissed as moot.

IT IS SO ORDERED.

Dated: March 8, 2023
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York